# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00149-RJC-DSC

| | |
|---|---|
| DENISE DARBY, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| Defendant. ) | |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment (Doc. Nos. 13, 15), the Magistrate Judge's Memorandum and Recommendation (the "M&R") recommending that this Court affirm the Commissioner's decision (Doc. No. 18), and Plaintiff's objection to the M&R (Doc. No. 19). Having fully considered the written arguments, administrative record, and applicable authority, the Court **DECLINES TO ADOPT** the M&R. The Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgment, and **REMAND** this matter for further proceedings consistent with this Order.

## I.  BACKGROUND

Plaintiff Denise Darby ("Darby") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Darby filed an application for supplemental security income on September 27, 2016, alleging her disability onset

date of March 29, 2016. (Tr.[1] 21). In denying Darby's social security claim, the Administrative Law Judge (the "ALJ") conducted a five-step sequential evaluation. (*Id.* at 24-34). At step one, the ALJ found that Darby had not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 24). At step two, the ALJ found that Darby had the following severe impairments: history of congestive heart failure, cervical spondylosis with secondary cervical radiculopathy and cervical dystonia, history of left rotator cuff tear, status post repair, myofascial pain syndrome, hypertension, obesity, depressive disorder, and schizoaffective disorder. (*Id.*). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (*Id.* at 24-27). Before moving to step four, the ALJ found that Darby had the residual functional capacity ("RFC") as follows:

> to perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally climb ladders and crawl. The claimant can frequently but constantly overhead reach and handling/fingering with the left upper extremity. Furthermore, the claimant should avoid concentrated exposure to hazards. The claimant is limited to simple routine task in a stable work environment at a non-production pace and with occasional personal interactions.

(*Id.* at 27). At step four, the ALJ found that Darby is not able to perform past relevant work, but found at step five that Darby could perform jobs that existed in significant numbers in the national economy. (*Id.* at 33-34).

After exhausting her administrative remedies, Darby brought the instant action for review of Defendant's decision denying her application for disability benefits. (Doc. No. 1). In her summary judgment motion, Darby argues (1) the ALJ provided an incomplete RFC, including failing to define "non-production pace"; (2) the ALJ's assessment of Darby's pain and limitations is based upon a misrepresentation of the evidence and factual errors; and (3) the prior ALJ was not

---

[1] Citations to "Tr." throughout the order refer to the administrative record at Doc. No. 11.

a Constitutionally-appointed officer at the time Darby's earlier disability application was denied. (Doc. No. 14). In response, Defendant argues the ALJ's decision is proper and supported by substantial evidence. (Doc. No. 16).

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); FED. R. CIV. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.*

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v.*

*Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The Magistrate Judge recommended the Court affirm the Commissioner's denial of disability benefits. (Doc. No. 18). Darby objects that the M&R "does not address her many contentions of error" raised in her motion for summary judgment, including the ALJ's failure to define "non-production pace." (Doc. No. 19). The Court grants remand based on Darby's argument that the ALJ failed to define or otherwise provide a descriptor of "non-production pace" in the RFC.

Recent Fourth Circuit cases are instructive on defining "non-production pace." In *Sizemore v. Berryhill*, the Fourth Circuit affirmed an ALJ's decision where the RFC included a limitation to "work only in a low stress setting defined as non-production jobs without any fast-paced work and with no public contact." 878 F.3d 72, 79 (4th Cir. 2017). Finding the additional "descriptors" explained the restriction intended by the ALJ, the court could evaluate whether the limitation for non-production jobs adequately accounted for the claimant's limitations. In contrast, in *Thomas v. Berryhill*, the Fourth Circuit held that an RFC restricting a claimant from work "requiring a production rate or demand pace," where the ALJ failed to define the phrase, provided insufficient information to understand its meaning. 916 F.3d 307, 310-12 (4th Cir. 2019). In *Thomas*, the Commissioner argued that "production rate" is a common vocational limitation but the Fourth Circuit found that it is "difficult, if not impossible, for us to assess whether [its] inclusion . . . is supported by substantial evidence" without more elaboration. *Id.* at 312. The Fourth Circuit came to the same conclusion in *Perry v. Berryhill*, when the ALJ "offered no explanation of her own for what she meant when she used the phrase "non-production oriented work setting." 765 Fed. App'x 869, 872 (4th Cir. 2019) ("[W]e do not know what the ALJ intended when she used that phrase. As a result, it is difficult, if not impossible, to evaluate."). Applying these more recent Fourth Circuit cases, district courts within the Fourth Circuit have found similarly. *Hernandez v. Saul*, No. 3:19-CV-337-FDW, 2020 U.S. Dist. LEXIS 105296, at *13 (W.D.N.C. June 16, 2020) (J., Whitney) (remanding where "without any explanation, the Court cannot partake in any meaningful review of the ALJ's usage of the term 'non-production work setting' and any purported limitations imposed regarding Plaintiff's moderate limitations in concentration, pace, or persistence"); *Jenkins v. Saul*, No. 5:20-CV-00117-M, 2021 U.S. Dist. LEXIS 95278, *17 (E.D.N.C. April 28, 2021), *M&R adopted by*, 2021 U.S. Dist. LEXIS 94696 (E.D.N.C. May 18, 2021) (J., Meyers) ("Because ALJ Preston did not further define non-production rate pace, a reviewing court cannot conduct a meaningful review of the phrase."). Indeed, this Court recently concluded it was unable to determine whether an ALJ's RFC determination was supported by substantial evidence where the ALJ

did not define non-production rate or provide any descriptors or qualifiers as to its meaning. *Neal v. Comm'r of Soc. Sec.*, No. 3:20-cv-00124-RJC, 2022 WL 291619 (W.D.N.C. Jan. 31, 2022).

In the decision at issue here, the ALJ does not define or use any descriptors for "non-production pace" in his RFC finding. Nor does the remainder of the ALJ's decision provide guidance on the definition of "non-production pace." The Defendant does not dispute this. (Doc. No. 16 at 16) ("No error occurred in the ALJ's not expressly defining the term 'nonproduction pace.'"). As in *Thomas*, *Perry*, *Neal*, and other similar cases, the ALJ here did not further define non-production rate or provide any relevant descriptors, and a reviewing court cannot conduct a meaningful review of the phrase without more. Thus, the Court is unable to conclude that the ALJ's RFC findings are supported by substantial evidence and remand is warranted for further consideration of this issue.

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Plaintiff's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (quoting *Sullivan v. Hudson*, 490 U.S. 877, 892 (1989)).

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court **DECLINES TO ADOPT** the M&R, (Doc. No. 18);

2. Plaintiff's Motion for Summary Judgment, (Doc. No. 13), is **GRANTED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 15), is **DENIED**; and

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk of Court is directed to close this case.

**SO ORDERED**.

Signed: March 22, 2022

Robert J. Conrad, Jr.
United States District Judge